**JUDGE BUCHWALD**   03 CV 4548   Original



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Docket Number......

==========================================================

| | |
|---|---|
| Maurice Oparaji, <br>               Plaintiff, pro se <br> -against- <br><br> New York City Department of Education, Wildcat Service Corporation, The John V. Lindsay Wildcat Academy Charter School, Lawrence B. Becker, Caryl Cohen, Robert Zweig and Robert Hickson <br><br>                 Defendants. | **COMPLAINT** <br><br><br> **JURY DEMAND ON ALL COUNTS** |

CV 03 4105   GERSHON, POHORELSKY, M.J.

RECEIVED AUG 13 2003 PRO SE OFFICE

### INTRODUCTION

1. This is a suit arising from the defendants' discrimination and retaliation against plaintiff because plaintiff opposed discrimination based on national origin.

2. Plaintiff, MAURICE OPARAJI ("Plaintiff"), seeks relief for violations of his rights secured by the Title VII of the Civil Rights Act of 1964, ("Title VII") as amended, 42 U.S.C. - § 2000e et seq., and 42 U.S.C. SEC. 1983, by the defendants, New York City Department of Education ("Department "), Wildcat Service Corporation ("Wildcat"), The John V. Lindsay Wildcat Academy Charter School ("Academy"), Lawrence B. Becker ("Becker"), Caryl Cohen ("Cohen "), Robert Zweig ("Zweig"), and Robert Hickson ("Hickson").

3. Plaintiff seeks damages, both compensatory and punitive for retaliation claims, lost wages, and liquidated damages, affirmative and equitable relief, and for such other and further relief as this court deems equitable

and just. Plaintiff also seeks an injunction prohibiting future discrimination and any other curative relief to prevent the defendants from engaging in any further discriminatory practices against him and other person(s).

## JURISDICTION AND VENUE

4. This is a claim for damages under Title V11 of the Civil Rights Act of 1964 ("Title V11"), 42 U.S.C. - §§ 2000e et seq. This court has jurisdiction over this claim under 28 USC §1331, 28 USC §1343, and 42 U.S.C. - § 2000e et seq.; by the NOTICE OF RIGHT TO SUE, Charge Number 160A300183, from the U.S. Department of Justice dated May 28, 2003; and by Claim Number 2003P1011764 dated May 15, 2003, from the New York City Bureau of Law.

5. The acts complained of occurred in New York in the State of New York. Venue in this court is proper in accordance with 42 U.S.C. § 2000e to 2000e et seq. for the United States District Court for Southern District of New York, the county where the respondents New York City Department of Education, Wildcat Service Corporation, and John V. Lindsay Wildcat Academy Charter School, are located, pursuant to Title V11 of the Civil Rights Act of 1964.

6. The plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

7. Plaintiff, MAURICE OPARAJI, is a naturalized United States citizen. He is a native of Nigeria. He is and at all times relevant herein a resident of the City of New York, County of Queens, State of New York.

8. In all acts and omissions giving rise to this complaint, and in all matters alleged in

this complaint, plaintiff is a State of New York permanent certified teacher in Special Education and Business & Distributive Education.

9. In all acts and omissions giving rise to this complaint, and in all matters alleged in this complaint, defendant, New York City Department of Education ("Department") is an educational entity created and existing under the laws of State of New York. It is authorized by law to maintain schools and school districts, which acts as its agent in the area of administration and for which it is ultimately responsible. The Department assumes the risks incidental to the administration of schools and school districts and the employment of superintendents, principals, teachers, and administrative staffs. The Department issues teaching licenses to teachers upon state certification.

10. In all acts and omissions giving rise to this complaint and in all matters alleged in this complaint, Wildcat Service Corporation ("Wildcat") is an entity created and existing under the laws of State of New York, and it is a Charter Entity of the John V. Lindsay Wildcat Academy Charter School ("Academy").

11. John V. Lindsay Wildcat Academy Charter School ("Academy") is an alternative high school funded by the New York City Department of Education, created, and existing under the laws of State of New York, which serves at risk students, due to poor attendance, disruptive behavior, criminal activity, and poor academic achievement. The school has an Institutional Partnership with the Chancellor of New York City Schools

12. In all acts and omissions, giving rise to this complaint and in all matters alleged in this complaint Mrs. Ashanti Chimurenga ("Chimurenga") is the Director of John

V. Lindsay Wildcat Academy Charter School, on or about August 26, 2002.

13. In all acts and omissions, giving rise to this complaint and in all matters alleged in this complaint Mrs. Williams ("Williams") is the Assistant Principal of John V. Lindsay Wildcat Academy Charter School. on or about August 26, 2002.

14. In all acts and omissions, giving rise to this complaint and in all matters alleged in this complaint, Lawrence B. Becker ("Becker"), is the deputy Executive Director of Human Resources, on or about June 13, 2002, and fully aware of the wrongful termination by New York City Department of Education and plaintiff's opposition to discrimination based on national origin

15. In all acts and omissions, giving rise to this complaint and in all matters alleged in this complaint, Caryl Cohen is the Deputy Executive Director of Human Resources on or about January 3, 2003, and fully aware of the wrongful termination by New York City Department of Education and plaintiff's opposition to discrimination based on national origin.

16. In all acts and omissions giving rise to this complaint, and in all matters alleged in this complaint, Robert Zweig ("Zweig"), is principal of Second Opportunity Schools, located at 100-00 Beach Channel Drive, Rockaway, City of New York, State of New York, and the coordinator of Institutional Partnership of the Chancellor of New York City Schools and John V. Lindsay Wildcat Academy Charter School, and fully aware of the wrongful termination by New York City Department of Education and plaintiff's opposition to discrimination based on national origin

17. In all acts and omissions giving rise to this complaint and in all matters alleged in

this complaint, Robert Hickson is the principal of Springfield Garden High School, and fully aware of the wrongful termination by New York City Department of Education and plaintiff's opposition to discrimination based on national origin.

18. On October 5, 1999, Patricia A. Hagler Singleton, acting on her capacity as a principal of The Carter G. Woodson Elementary School, P.S. 23K and on the instruction of defendant New York City Department of Education, discriminated against plaintiff based on plaintiff's national origin by terminating plaintiff's teaching appointment by the letter dated October 5, 1999.

19. In all acts and omissions giving rise to this complaint, and in all matters alleged in this complaint, On May 8, 2000 plaintiff file EEOC Charge of Discrimination against defendant New York City Department of Education, as Charge Number 160A01734.

20. In all acts and omissions giving rise to this complaint, and in all matters alleged in this complaint, under the collective bargaining agreement negotiated between the United Federation of Teachers ("UFT"), and City of New York, when a grievance is presented to the head of the school by aggrieved employee, the head of the school shall communicate his decision to the aggrieved employee and to his representative.

21. In all acts and omissions giving rise to this complaint, and in all matters alleged in this complaint, under the New York City Department of Education employee evaluation policy, employees are observed by their immediate supervisor.

22. In all acts and omissions giving rise to this complaint and in all matters alleged in

this complaint, Larry Gray is the assistant principal administration of Springfield Garden High School in District 77 and fully aware of the wrongful termination by New York City Department of Education dated October 5, 1999 and plaintiff's opposition to discrimination based on national origin.

23. In all acts and omissions giving rise to this complaint and in all matters alleged in this complaint, Milton Lipz was, and still is, the principal of Business, Computer Applications & Entrepreneurship Magnet High School, and the person referred to as the "hit man" herein, and fully aware of the wrongful termination by New York City Department of Education dated October 5, 1999 and plaintiff's opposition to discrimination based on national origin.

24. In all acts and omissions giving rise to this complaint and in all matters alleged in this complaint, Stuart Cohen ("Cohen") was, and still is, a chapter chairperson of all UFT members who are employed by the New York City Department of Education and work at Springfield Gardens High School and fully aware of the wrongful termination by New York City Department of Education dated October 5, 1999 and plaintiff's opposition to discrimination based on national origin.

## ADMINISTRATIVE PROCEEDING

25. Maurice Oparaji filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 11, 2002. The Equal Employment Opportunity Commission received a timely charge filed by plaintiff (charge number 160A300183), alleging that he had been discriminated against on the basis of his national origin, and retaliation by defendants.

26. The EEOC investigated the charge, attempted unsuccessfully to achieve through

conciliation a voluntary resolution of the charge and subsequently issue a right-to-sue letter to plaintiff on May 28, 2003.

27. Likewise, on March 7, 2003 Maurice Oparaji filed a Notice of Claim with New York City Department of Education Claim Number 2003P1011764.

28. This suit was timely filed after the receipt of the right-to-sue letter charge number 160A300183, and New York City Department of Education Claim Number 2003P1011764. All conditions precedent to the filing of suit was performed.

## FACTS GIVING RISE TO RELIEF

29. On or about August 25, 1999, plaintiff was recruited by School District 14, and assigned to The Carter G. Woodson Elementary School, P.S. 23K, located at 545 Willoughby Avenue, Brooklyn, where SINGLETON was the principal.

30. Prior to the interview at School District 14, plaintiff (Oparaji) was interviewed and recruited at a job fair as a School Media Specialist and assigned to Intermediate School 82X in District 85. Shortly after, District 85 rescinded plaintiff's assignment. Plaintiff received a telephone call from District 85 informing plaintiff that his assignment to Intermediate School 82X has been rescinded because the person (School Media Specialist) whom plaintiff would have replaced is no more leaving. Plaintiff was further advised to contact William Nelson, Office of Staffing Services, 65 Court Street, Brooklyn, New York 11201 for reassignment. Thereafter, plaintiff reported to Office of Staffing Services, where he (plaintiff) was referred to School District 14.

31. On September 7, 1999 the beginning of the 1999/2000 School year, plaintiff started work at The Carter G. Woodson Elementary School, P.S. 23K.

32. On September 27, 1999 plaintiff met with the principal (SINGLETON) to

intimate her about his (plaintiff) class rule he prepared. SINGLETON went through the rule and said to plaintiff (Oparaji) "I hope the children will understand you."

33. On October 4, 1999 plaintiff delivered to SINGLETON a copy of his release letter from District 85. The principal asked plaintiff "why was the letter not signed by the Superintendent." Plaintiff told the principal that he is not aware of who supposed to sign the letter.

34. On October 6, 1999 at about 0730 hours, the School Security Officer, acting on the instruction of the principal, PATRICIA A. HAGLER SINGLETON, forcibly prevented plaintiff from entering the school building. Shortly after, PATRICIA A. HAGLER SINGLETON emerged with a termination letter dated October 5, 1999, in which she handed over to plaintiff (Oparaji). Plaintiff was further denied access to the School Building, nay-Union chapter chairperson.

35. Plaintiff stayed approximately four (4) hours outside the school premises and was caused to suffer extreme embarrassment, humiliation, and injury to his reputation.

36. Upon information and belief, PATRICIA A. HAGLER hired uncertified teachers who are of the same ethnic background with her (SINGLETON). For example, in and around the period plaintiff's appointment was terminated, contrary to New York City Board of Education stated policy, and contrary to Section 3006, subdivision (1) of Section 3009, 3010, and Section 3019 of the Education Law, defendant employ the services of the following uncertified teachers who are of the same ethnic background with SINGLETON; whereas, plaintiff is a State permanent certified teacher.

37. Under the provisions of Section 3006, subdivision (1) of Section 3009 and section 3010 of the Education Law, no uncertified teacher may be employed by a board of education when there is a certified and qualified teacher available. New York City Board of Education failed to follow its policy and that of New York State Department of Education in hiring the following teachers:

    (a) Schrie A. Montague, uncertified teacher, who is also, has been convicted of a crime, and who is from Singleton's ethnic background.

    (b) Randolph Kendall, uncertified teacher, and who is from Singleton's ethnic background.

    (c) Dyreatha Hill, uncertified teacher and who, is also, from Singleton's ethnic background.

38. As a result, plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) Charge Number 160-A0-1734.

39. On or about June, 2000 plaintiff was interviewed and employed at Springfield Garden High School in District 77.

40. On or about October 10, 2000, the Principal of Springfield Garden High School, Hickson, invited plaintiff to his Office. In his office, Hickson told plaintiff that he has been informed that plaintiff filed a Charge against defendant, New York City Department of Education, with the EEOC. The principal further said that plaintiff should decide which one plaintiff wants, the suit or the job. "You can not have it both ways," he concluded.

41. Beginning in October 10, 2000, and continuing until January 23, 2001 defendant Hickson intentionally retaliated against plaintiff.

42. On October 17, 2000 the Union Representative (Cohen) presented two grievances to Hickson on behalf of plaintiff: one to have correct working stations for his students, as out of 36 stations in his Computer Applications class, only 7 stations were in correct working condition; the other grievance is to remove a letter with incorrect statement from his file, defendant Hickson failed to communicate his decision to plaintiff or plaintiff's Union Representative.

43. On October 19, 2000 plaintiff was injured (fracture), and was unable to attend school, while plaintiff was on sick leave, plaintiff received series of letters, corrective memos, warnings, and request for medical examinations.

44. On or about December 14, 2000 plaintiff, while on sick leave, filed three grievances through his Union Representative concerning letters, corrective memos, warnings with incorrect information placed on his file during the period he was on sick leave, again, Hickson failed to communicate his decision to plaintiff, or plaintiff's Union Representative.

45. On or about January 2, 2001 plaintiff returned to school from sick leave. Plaintiff met with the principal about the grievances he filed, but the principal asked him (plaintiff) to find out from his Union Representative. Plaintiff met with his Union Representative, and the Union Representative gave plaintiff two copies of the grievance filed on October 17, 2000 and told plaintiff that the principal has not responded. Plaintiff went back to the principal after school hours, but the principal warned him (plaintiff) not to bother him (principal) any longer, likewise, defendant Hickson failed to communicate his decision to plaintiff, or plaintiff's Union Representative.

46. On or about January 11, 2001 at about 9:12 a.m., a man came to plaintiff's classroom, and said to plaintiff that he is from the district. He (the hit man from the district) sat throughout the period. At plaintiff's launch time, plaintiff confided with his Union chapter chairperson (Cohen) and told him about the man that came from the district and sat throughout the class period. Plaintiff's Union chapter chairperson (Cohen) told plaintiff that the man that came to plaintiff's classroom is a "hit man" from the district. That the principal has told him that the district has decided to take action since "you" meaning the plaintiff, "don't want to drop your EEOC charge." Plaintiff asked his Union chapter chairperson (Cohen) to explain to him what that means. The Union chapter chairperson (Cohen) proceeded to tell plaintiff that when the district want to do away with a teacher, they would send a "hit man" out to observe the teacher, and make recommendation for the teacher's dismissal..

47. On January 12, 2001 plaintiff was asked to meet with the principal, (Hickson), when plaintiff got to the principal's office, the principal was having meeting with plaintiff's Union chairperson (Cohen) and the AP Administration (Larry Gray). Thereafter, plaintiff was ushered into the principal's office. In the principal's office, the Union chapter chairperson (Cohen) proceeded to inform plaintiff that he (Cohen) has obtained from the district a two-week grace period in which plaintiff would decide on whether to drop his EEOC charge and lawsuit against the Board. Plaintiff was subsequently asked to sign a purported observation letter from the "hit man" from the district (Milton Lipz). Plaintiff was also given two (2) letters postdated and signed by Lee, one for reassignment to Queens High

School District, and the other, discontinuance of service. Plaintiff immediately protested and stated that he (plaintiff) is grieving the letters. Plaintiff was subsequently told that he (plaintiff) is not entitled to the grievance of the letter of Discontinuance of Probationary Service as a Teacher of Accounting & Business Practice because he (plaintiff) is not yet tenured. Likewise, defendant Hickson did not communicate to plaintiff about his decision on plaintiff's grievance.

48. Plaintiff also inquired about the grievances he had earlier filed. The principal told plaintiff that he (plaintiff) would rather file all as a package if there were a need, and refused to communicate his decision to plaintiff.

49. On January 23, 2001 plaintiff received a letter from Queens High Schools' Chief of Staff reassigning him (plaintiff) to the Martin Van Buren High with effect from January 23, 2001.

50. Beginning January 23, 2001 and continuing February 15, 2001 plaintiff was subjected to harassment, and intimidation. Plaintiff was assigned to Martin Van Buren High principal's office as a visitor's attendant, and later as a library attendant.

51. On February 5, 2001 plaintiff wrote to defendant Lee complaining that he (plaintiff) has been subjected to harassment, and intimidation, and that he had been denied FMLA Leave.

52. Plaintiff was discharged on February 15, 2001.

53. On or about June 13, 2002 plaintiff received a letter dated June 13, 2002 from the executive director of Division of Human Resources, Lawrence E. Becker denying plaintiff application for license.

54. On or about June 13, 2002 the executive director of Division of Human Resources, Lawrence E. Becker stated in a letter to plaintiff dated June 13, 2002

that plaintiff is ineffective teacher, lacked respect for colleague and supervisors, and has excessive absences.

55. On or about June 19, 2002 by letter dated June 19, 2002 plaintiff appealed the denial of his license, to Division of Human Resources.

56. On or about August 26, 2002 plaintiff applied for a Computer Application Instructor and was interviewed by Mrs. Ashanti Chimurenga, the Director of John V. Lindsay Wildcat Academy Charter School, and Mrs. Williams, the Assistant Principal of the Academy; and later with Mr. Robert Zweig, the coordinator of Institutional Partnership of the Chancellor of New York City Schools and John V. Lindsay Wildcat Academy Charter School.

57. The three personnel named above were impressed with plaintiff, and subsequently gave plaintiff conditional offer subject to a reference check to Robert Hickson, the principal of Springfield High School. In the meanwhile, Mr. Robert Zweig instructed plaintiff to report to Wildcat Academy in Bronx, his assignment site, on September 3, 2002. In addition, Mr. Robert Zweig asked plaintiff to report for a General Meeting of Staffs scheduled at 9:00AM on Wednesday, September 4, 2002 at 555 Broome Street, New York, New York 10013.

58. On or about August 30, 2002 plaintiff received a call from Mr. Robert Zweig instructing plaintiff not to report for the General Meeting of Staffs as scheduled; and also not to report for assignment as previously instructed.

59. On or about January 3, 2003 plaintiff received a letter dated January 3, 2003 from the deputy executive director of Division of Human Resources, Caryl Cohen denying plaintiff's appeal of denial of his application for license.

## FIRST COUNT: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. - § 2000e et seq (DISCRIMINATION AND RETALIATION)

60. The allegations of paragraphs 1 through 59 alleged and incorporated herein by reference, as if set forth herein.

61. Defendants, New York City Department of Education, Wildcat Service Corporation, John V. Lindsay Wildcat Academy Charter School, Lawrence B. Becker, Caryl Cohen, Robert Zweig, and Robert Hickson, discriminated against plaintiff, Maurice Oparaji, because of his ethnic origin, and retaliated against him because he engaged in activities to secure protected rights to his national origin discrimination, in violation of Title VII, 42 U.S.C. § 2000e-2(a), among other ways, by:

    (a) failing or refusing to issue plaintiff with license to teach Accounting and Business based on plaintiff's permanent certification in Business and Distributive Education.

    (b) failing or refusing to issue him with license to teach Special Education based on plaintiff's permanent certification in Special Education.

    (c) failing or refusing to hire plaintiff;

    (d) causing prospective employers from hiring plaintiff by providing negative reference;

    (e) failing or refusing to take appropriate action to remedy the effects of the discriminatory and retaliatory treatment of plaintiff;

(f) subjecting plaintiff to disparate discipline, including denying plaintiff's application for licenses;

(g) failing or refusing to take appropriate action to eliminate the discriminatory and retaliatory policies and practices and to correct the present effects of those policies and practices; and

(h) refusing promptly and effectively to investigate and to take prompt and effective steps to remedy and prevent the conduct described above.

## SECOND COUNT: VIOLATION OF 42 U.S.C. SEC. 1983 (FEDERALLY PROTECTED CIVIL RIGHTS SECTION 1983)

62. The allegations of paragraphs 1 through 61 alleged and incorporated herein by reference, as if set forth herein.

63. Defendant New York City Department of Education, Lawrence B. Becker, and Caryl Cohen, violated plaintiff's federally protected Civil Rights Section 1983, among other ways, by:

(a) denying plaintiff license to teach following plaintiff's application, in retaliation of plaintiff's protected activities to his national origin discrimination;

(b) refusing to issue teaching license in Accounting & Business;

(c) refusing to issue teaching license in Computer literacy;

(d) refusing to issue teaching license in Accounting DHS;

(e) refusing to issue teaching license in Typing JHS;

(f) causing John V. Lindsay Wildcat Academy Charter School to discriminate against plaintiff;

(g) not according plaintiff procedural due process prior to denying his application for reasons stated in the letter dated June 13, 2002; and

(h) not according plaintiff procedural due process prior to denying his application for reasons stated in the letter dated January 3, 2003.

### THIRD COUNT: CIVIL CONSPIRACY

64. The allegations of paragraphs 1 through 63 are alleged and incorporated herein by reference, as if set forth herein.

65. That On or about August 30, 2002 defendants conspired against plaintiff and directed defendant Robert Zweig to instruct plaintiff not to report for the General Meeting of Staffs as scheduled; in addition, defendants directed defendant Robert Zweig to instruct plaintiff not to report for assignment as previously instructed

### FOURTH COUNT: VIOLATION OF STATE OF NEW YORK STATUTORY AND COMMON LAW

66. The allegations of paragraphs 1 through 65 are alleged and incorporated herein by reference, as if set forth herein.

67. That the conduct of defendants, New York City Department of Education, Wildcat Service Corporation, John V. Lindsay Wildcat Academy Charter School, Lawrence B. Becker, Caryl Cohen, Robert Zweig, and Robert Hickson, as complained of herein, constitutes one or more of the following statutory and common law tortuous conduct under the laws of the State of New York:

(a) libel and slander of the plaintiff;

    (b)   false statement against the plaintiff;

    (c)   abuse of process against the plaintiff;

    (d)   intentional infliction of emotional distress upon the plaintiff; and

    (e)   Violation of rights otherwise guaranteed to the plaintiff under the laws of and constitution of the State of New York.

68. The foregoing acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed to him by the laws and Constitution of the State of New York.

### PRAYER FOR RELIEF

69. The allegations of paragraphs 1 through 68 alleged and incorporated herein by reference, as if set forth herein.

70. The defendants discriminated and retaliated against plaintiff because he engaged in activities to secure protected rights to his national origin discrimination. As a direct result of these retaliatory practices by the defendants, plaintiff Maurice Oparaji, has suffered and continues to suffer injury, including past and future lost wages and benefits, lost wages and benefits, lost career and business opportunities and advancement, medical expenses, other past and future pecuniary losses, emotional pain, humiliation, mental distress, inconvenience, loss of enjoyment of life, and other injury.

71. WHEREFORE, plaintiff, Maurice Oparaji, respectfully requests this court:

    a.   enter judgment in plaintiff Maurice Oparaji's favor and against defendants New York City Department of Education, Wildcat Service Corporation, John

V. Lindsay Wildcat Academy Charter School, Lawrence B. Becker, Caryl Cohen, Robert Zweig, and Robert Hickson, in the amount of FIVE MILLION DOLLARS ($5,000,000) on each and every defendant;

b. award Maurice Oparaji back pay and front pay, including lost salary, benefits, and other entitlements, until he is made whole;

c. award Maurice Oparaji compensatory and punitive damages;

d. enjoin defendants New York City Department of Education, Wildcat Service Corporation, John V. Lindsay Wildcat Academy Charter School, Lawrence B. Becker, Caryl Cohen, Robert Zweig, and Robert Hickson, from further retaliating against Maurice Oparaji and other individuals;

e. award Maurice Oparaji all such other and further relief as this court may deem just and proper;

f. permanently restrain and enjoin defendants from violating Sections 703 and 704 of Title V11 of the Civil Rights Act of 1964, ("Title V11") as amended, 42 U.S.C. - § 2000e et seq.; and

g. permanently restrain and enjoin defendants from aiding and abetting violations of Sections 703 and 704 of Title V11 of the Civil Rights Act of 1964, ("Title V11") as amended, 42 U.S.C. - § 2000e et seq.

Dated: Queens, New York
June 23, 2003

Respectfully submitted,

*Maurice Oparaji*
MAURICE OPARAJI, pro se
245-11 133 Road
Rosedale, New York 11422

Tel: (718) 528-0164

EEOC Form 161 (10/96)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Mr. Maurice Oparaji
254-11 133rd Rd
Rosedale, NY 11422

From:
Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160A300183 | Legal Unit | (212) 336-3721 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Spencer H. Lewis, Jr., District Director     5/28/03 (Date Mailed)

Enclosure(s)

cc: Respondent(s):
The New York City Department of Education
Office of Legal Services
Attn: Ms. Zvia Shapiro Lerner, Esq.
52 Chambers Street, Room 308
New York, NY 10007